Wes MIILLER, Bill Weber, Harry Johnson, Pamela Orth, Larry Hoffart, William A. Neumann, and Jacqueline D. Neumann, Plaintiffs and Appellants,

v.

CITY OF RUGBY PLANNING AND ZONING COMMISSION, City of Rugby City Council, The City of Rugby, a municipal corporation, Barb Molesworth, Rose Rohrer, Frank Kraft, Donald Okrina, Curt Teigen, Wade Sperry, Bruce Baumann, Phil Martin, Allen Reiter, Timothy Estes, New Horizon Corporation, Ron Rothhouse, and Rothhouse Home Builders, Inc., Defendants and Appellees,

and

Robert Hartl, Defendant.

Civ. No. 870294.

Supreme Court of North Dakota.

March 29, 1988.

Carol Ronning Kapsner, of Kapsner & Kapsner, Bismarck, for plaintiffs and appellants.

Brian R. Bjella, of Fleck, Mather, Strutz & Mayer, P.C., Bismarck, for defendants and appellees City of Rugby Planning and Zoning Com'n, City of Rugby City Council, the City of Rugby, Barb Molesworth, Rose Rohrer, Frank Kraft, Donald Okrina, Curt Teigen, Wade Sperry, Bruce Baumann, Phil Martin, Allen Reiter, and Timothy Estes.

Nevin Van de Streek, of Eaton, Van de Streek & Ward, Minot, for defendants and appellees Ron Rothhouse and Rothhouse Home Builders, Inc.

VANDE WALLE, Justice.

The plaintiffs appealed from a district court judgment dismissing their action,

with prejudice, for failure to state a claim upon which relief could be granted. We modify the dismissal, making it without prejudice, and, as modified, we affirm.

Although the circumstances underlying this action are complex, the relevant facts for disposing of this appeal can be succinctly stated. On September 2, 1986, defendant Ron Rothhouse, d/b/a Rothhouse Home Builders, Inc., was issued a permit to construct a twelve-unit residential building within the city of Rugby. The plaintiffs own homes located adjacent to Rothhouse's property. On September 3, 1986, plaintiff Wes Miiller filed an appeal with the Rugby City Council, objecting to the issuance of the building permit to Rothhouse on the ground that the proposed construction does not comply with the city zoning for that property. The City Council has taken no action with regard to that appeal.

In a complaint dated October 2, 1986, the plaintiffs filed this action in district court requesting a judgment declaring that the building permit issued to Rothhouse is not in accordance with the city zoning ordinances, requesting an injunction against construction of the twelve-unit complex by Rothhouse, and requesting additional relief as the court may deem appropriate. The district court granted the defendants' motion under Rule 12(b)(5), N.D.R.Civ.P., dismissing the lawsuit for failure to state an actionable claim. In dismissing this action, the trial court concluded that the plaintiffs have no standing to complain about the issuance of the permit or the construction of the building by Rothhouse. We disagree.

■ It is within the prerogative of the local authorities to determine the means and methods for enforcing city zoning ordinances, and a municipal government may confer standing upon its citizens or property owners to aid in zoning enforcement. *Munch v. City of Mott*, 311 N.W.2d 17 (N.D.1981). Under Article XXVII of the

Rugby City Ordinance the City Council is given authority to hear and decide appeals from any decision made by an administrative official charged with enforcement of the zoning ordinance. Under that same article, the ordinance confers standing to bring an appeal upon "any person aggrieved ... by any decision of the official administering the provisions of this zoning ordinance or by the planning commission." The ordinance further provides that any person dissatisfied with a determination made by the City Council may appeal the decision "under the provision of § 40–47–11 of the North Dakota Century Code." Section 40–47–11(2), N.D.C.C., provides that a decision of the governing body is subject to review upon an application for a writ of certiorari to the district court and thereafter to the supreme court.

■ The plaintiffs assert that as adjacent landowners to this proposed construction they will suffer from diminished enjoyment and value of their property. We believe that the Rugby City Ordinance clearly confers standing upon these homeowners, as "aggrieved" persons to object, through the ordinance appeal procedure, to the issuance of the permit to Rothhouse. Such an appeal has been filed with the City Council and is currently pending. When a final determination is made by the City Council on that appeal, a further review may be sought by writ of certiorari to the district court and, thereafter, to this court.[1]

The filing of this action has resulted in concurrent bifurcated proceedings to resolve these matters and is therefore inappropriate. The following admonition by Justice Sand, in writing for a unanimous court in *Shark Brothers, Inc. v. Cass County*, 256 N.W.2d 701 (N.D.1977), is particularly relevant:

"We do not favor or encourage, nor can we sustain, bifurcated self-induced or self-initiated procedures, one in the administrative process and one in the judi-

1. Arguably, the failure by the City Council to determine the appeal might be considered as sustaining the issuance of the building permit, but this separate action would nevertheless be inappropriate because Section 40–47–11(2), N.D. C.C., permits a review of the City Council deci-

sion by a writ of certiorari. We would not consider this action to be in the nature of a certiorari proceeding, because the record necessary to a determination of the proceeding, as required by Section 32–33–04, N.D.C.C., is unavailable.

cial process covering the same legal questions.

"If such bifurcated procedures were encouraged or sustained, it would create duplication, and uncertainty, and waste manpower and money, with no appreciable result, and all without improving the administration of justice. If one side of a proceeding were permitted to proceed both in the administrative channels and the judicial channels at the same time the other side could also resort to the same procedure. The result would be endless confusion, which we can ill afford." 256 N.W.2d at 705–706.

Although we disagree with the trial court's conclusion that these plaintiffs do not have standing to object to the proposed Rothhouse construction, we agree that a dismissal of the action is warranted to eliminate bifurcated proceedings and the uncertainty and additional confusion that simultaneous multiple proceedings create. It would be improper, however, to preclude the plaintiffs from pursuing their objections by judicial review of a final determination by the City Council as provided by the city ordinance. For that reason the dismissal must be without prejudice, and, as so modified, we affirm the dismissal.

Judgment of dismissal affirmed, as modified.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.